Shannon & Co. *vs.* Fechheimer, Goodkind & Co.

Equity, from Floyd. Injunction. - Practice in Superior Court. Debtor and Creditor. Insolvency. (Before Judge Branham.)

Jackson, C. J.—1. When a bill for injunction and receiver is not sufficiently verified by the affidavit thereto, it is right in the chancellor to allow it to be further verified. This may be done by the counsel, or by the creditors each verifying his own claims on the debtor, demands for payment, etc. In a word, any person who knows may verify the facts of the bill.

2. Whilst in a creditors' bill under the act of 1881, (Code, §2159' (a) et seq ) the mere demand and refusal to pay, alone, do not sufficiently show insolvency, as ruled in 68 Ga., 520, especially when it appears that the debtor has unincumbered property above complaining creditors' debts, yet in the case at bar the allegation is sufficient to show that insolvency. The allegation is that they " are insolvent ; that they owe divers other large sums to divers other persons and creditors, aggregating eighteen thousand dollars or other large sum ; that they own no real estate, that a large amount of their indebtedness, in the shape of no'es and drafts, has gone to protest, and that all of said indebtedness is long past due and unpaid."

(a) The defendants being insolvent merchants and traders within the meaning of the act of 1881, and refusing to pay their debts on demand, the fact that they owe some creditors on claims not due does not defeat the bill brought by the creditors generally. Want of equity in the bill is not made apparent, and nothing wrong is specified in the filing, service, etc.

Judgment affirmed.

Daniel S. Printup, for plaintiffs in error.

Dean & Ewing; Underwood & Rowell; Reece & Denny, for defendants.